|, KIRBY, Judge.
Appellant, Patricia Johnson, Assessor for the First Municipal District of Orleans Parish, appeals a trial court judgment maintaining a writ of mandamus requested by appellees, Metropolitan Life Insurance Company and L.G.D. Properties, Inc. This writ of mandamus orders appellant to receive complaint forms from appellees and forward these forms to the Orleans Parish Board of Review as required by La. R.S. 47:1992(F) in a manner consistent with the receipt and forwarding of assessment appeals by her as assessor. We affirm.
In their petition for writ of mandamus, appellees stated that they are owners of immovable property located in the First Municipal District of Orleans Parish. Lists showing the assessments of immovable and movable property are exposed for public inspection each year from August 1st through August 15th. Parties wishing to file a written complaint regarding the assessment of property must complete forms provided by the Board of Review through the assessor’s office. These completed complaint forms must be received by the assessor within three business days of August 15th. The assessor must forward these forms to the Board of Review within seven business days of August 15th.
Un 1998, appellees hired an agent, McNamara Associates, Inc., to review the assessment lists and file complaint forms on appellees’ behalf. August 15, 1998 fell on a Saturday; therefore, the final assessment list was displayed on Monday August 17th. According to appellees, their agent attempted to present completed complaint forms to appellant at her office on August 19, 1998, within three business days of August 15, 1998. They contend that their agent arrived at the assessor’s office on August 19, 1998 before the normal closing time of 4:00 p.m. but the doors were already locked. The office personnel were still present when the appellees’ agent arrived but they refused to receive the *1276 forms. Appellees offered two affidavits in which the affiants stated that the door to the assessor’s office was locked prior to 4:00 p.m. on August 19, 1998. Appellees’ agent then returned to the assessor’s office on August 20, 1998 to file the forms but was not allowed to do so.
According to appellees, appellant had no authority to refuse to receive the complaint forms. They claim that under La. R.S. 47:1992, the assessor has a non-discretionary, ministerial duty to receive and forward complaint forms to the board of review. Appellees then filed this petition for writ of mandamus to compel appellant to perform her ministerial duty.
The trial judge rendered judgment maintaining the writ of mandamus and ordering the appellant to receive appellees’ complaint forms and forward same to the Board of Review as required by La. R.S. 47:1992. This appeal followed.
On appeal, the appellant argues that the trial court erred as a matter of law in maintaining the writ of mandamus. Her position is that the timely presentation of an appeal form is a condition precedent to triggering her ministerial duty to accept and forward the complaint form to the Board of Review. Appellant contends that | Sappellees did not deliver their complaint forms to the assessor’s office in a timely manner. According to appellant, the ap-pellees’ complaint forms were not presented to her office prior to the normal closing time on August 19, 1998. She said that appellees’ agent arrived with the forms after 4:00 p.m. on that date; therefore, the forms were not accepted. Appellant did not offer any affidavits to counter the statements in appellees’ affidavits that the assessor’s office closed before 4:00 p.m. on August 19,1998.
The issue presented to this court is whether appellant had a ministerial duty under La. R.S. 47:1992 to receive and forward appellees’ complaint forms to the Orleans Parish Board of Review. La. R.S. 47:1992(F) provides, in pertinent part:
F. In Orleans Parish, the procedure for review of assessments shall be as follows:
(1) Each assessor shall prepare and make up the lists showing the assessment of immovable and movable property in and for his district; the lists shall be exposed daily, except Saturday, Sunday, and legal holidays for inspection by the taxpayers and other interested persons during the period August first through August fifteenth of each year unless August fifteenth falls on a weekend or a legal holiday, when the period shall extend until the next business day. Each assessor shall give notice of such exposure for inspection in accordance with rules and regulations established by the Louisiana Tax Commission. On or before the tenth business day after August fifteenth, the assessors shall certify their rolls to the board of review.
(2) The board of review shall consider all written complaints which have been filed in compliance with the following procedure:
|4(a) The complaint form provided by the board, through the office of the assessor, must be completed in conformity with the requirements of the board of review.
(b) The complaint form must be received in the assessor’s office within three business days after August fifteenth.
(c) The form must be forwarded by the assessor and received by the board of review within seven business days after August fifteenth.
(d) The taxpayer must have timely filed the reports as required by R.S. 47:2301 et seq. and R.S. 47:2321 et seq.
La. C.C.P. art. 3862 states, in pertinent part:
A writ of mandamus may be issued in all cases where the law provides no re *1277 lief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.
La. C.C.P. art. 3863 states, in pertinent part:
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law....
In appellant’s brief, she states her interpretation of R.S. 47:1992(F) as follows: “[i]n order to obtain review by the board, a complainant must clear four hurdles, with the failure to clear any one hurdle being fatal to the appeal. As a matter of fact, failure at any stage would preclude movement to the next.” Appellant claims that because appellees did not timely file their complaint forms with her office, her duty to forward the forms to the board of review was not triggered.
IsWe disagree with appellant’s interpretation of R.S. 47:1992(F). Whether or not appellees presented their complaint forms to the assessor’s office before or after closing hours on August 19, 1998 is irrelevant for purposes of the appeal before this court. The appellant had a ministerial duty to receive and forward appellees’ complaint forms to the board of review as mandated by R.S. 47:1992(F). The timeliness of appellees’ complaint forms is an issue to be resolved by the board of review.
We find no error in the trial court judgment maintaining the writ of mandamus ordering appellant to receive and forward appellees’ complaint forms pursuant to the provisions of R.S. 47:1992(F). The trial court judgment is hereby affirmed.
AFFIRMED.